Artan HOXHA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–1667.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 25, 2004.

Decided April 1, 2004.

Stanley J. Ellenberg, Philadelphia, PA, for Petitioner.

Terri J. Scadron, Lyle D. Jentzer, Jennifer A. Parker, Washington, DC, for Respondents.

Before ROTH, AMBRO, and CHERTOFF, Circuit Judges.

## OPINION

CHERTOFF, Circuit Judge.

Artan Hoxha petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming, without opinion, the Immigration Judge's denial of his claims for relief from removal. For the reasons set forth below, we deny the petition for review.

## I.

As the parties are familiar with the facts of this case, we will review them only briefly. Hoxha, a native and citizen of Albania, seeks asylum in the United States on the grounds that he has suffered past persecution for his involvement in the Albanian Democratic Party ("DP") and that he fears future persecution by state authorities. He arrived in the United States on May 25, 2000, and was subsequently charged as being removable because (1) he sought to procure admission to the United States by misrepresenting his identity, in violation of Sections 212(a)(6)(C)(i) and (a)(7)(A)(i)(I) of the Immigration and Nationalization Act ("INA" or "Act"), 8 U.S.C. § 1182(a)(6)(C)(i) and (a)(7)(A)(i)(I); and (2) he presented a fraudulent United States citizen passport to procure admission to the United States, in violation of Section 212(a)(6)(C)(ii) of the Act.

At his hearing before the Immigration Judge, Hoxha admitted the factual allegations in his Notice to Appear and requested relief in the form of asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). On May 24, 2001, the Immigration Judge denied Hoxha's application, having found him not to be credible and having determined that he failed to meet his burden of proof for each form of relief.

## II.

The BIA's jurisdiction arose under 8 C.F.R. §§ 3.1(b)(2). This Court has jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA summarily affirmed the Immigration Judge's decision, we review the decision of the Immigration Judge. *Gao v. Ashcroft,* 299 F.3d 266, 271 (3d Cir.2002).

An alien may be granted asylum if he meets the definition of "refugee" as de-

fined in the Act, i.e., an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, an alien must show that, if deported, there is a "clear probability," i.e., it is "more likely than not," that he will be persecuted on account of a specified ground, here, political opinion, if returned to his native country. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir.2003) (internal citations omitted). If the alien "fails to establish the well-founded fear of persecution required for a grant of asylum, he ... will, by definition, have failed to establish the clear probability of persecution required for withholding of deportation." *Id.* at 469–70. To qualify for relief under the United Nations Convention Against Torture, Dec. 10, 1984, 1465 U.N.T.S. 85, 23 I.L.M. 1027, an alien must prove that he is more likely than not to be tortured in the country of removal. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir.2003).

## III.

An alien has the burden of supporting his asylum claim through credible evidence. *Abdille v. Ashcroft*, 242 F.3d 477, 482 (3d Cir.2001). This Court reviews an immigration judge's adverse credibility determination using a substantial evidence standard. *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir.2003). This standard requires us to accept an immigration judge's findings of fact if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." *Id.* (internal citations omitted). "Generally, minor inconsistencies and minor admissions that 'reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an

adverse credibility finding.' " *Gao*, 299 F.3d at 272 (internal citations omitted). "The discrepancies must involve the 'heart of the asylum claim.' " *Id.* (internal citations omitted).

■ Hoxha first argues that the Immigration Judge erred in making an adverse credibility finding against him. After reviewing the administrative record, we find the credibility determination to be supported by substantial evidence. Hoxha's written asylum application and testimony on direct and cross examination have material omissions and inconsistencies relating to the heart of his asylum claims. For example, Hoxha revealed for the first time, during cross examination at his hearing, that he had been beaten during a DP meeting in the Spring of 1997. Although this is arguably a central event in his asylum claim, he neglected to discuss the event in his written affidavit for his asylum application or in his testimony on direct examination. Hoxha's asylum application provided that neither he nor any member of his family had ever been mistreated, threatened, accused, or charged by the authorities; however, this admission was contradicted by his later testimony that he and his friends had been beaten by state authorities in the Spring of 1997. Although he characterized police beatings as "common routine," he also admitted that the Spring 1997 event was the "first and only time he was beaten" and that the event was neither significant nor important to his life. App. at 123.

After leaving Albania, Hoxha traveled to Macedonia and Germany before arriving in the United States. He admitted that he did not attempt to apply for asylum in either country, which might have been expected if his motivation were genuine fear of persecution in Albania. When specifically asked in cross examination why he

did not seek asylum in Germany, Hoxha simply noted, "I do know that I wouldn't be, I wouldn't have been granted political asylum, but also, I do know that there is [sic] many agents that work there." App. at 121. However, as the Immigration Judge found, there is nothing in the record to support his contentions. In addition, the Immigration Judge was entitled to consider that Hoxha's decision to purchase a fraudulent United States passport bears negatively on his credibility. In sum, his material omissions, inconsistent disclosures, and use of a false passport all support the Immigration Judge's adverse credibility finding against Hoxha.

▆ Next, Hoxha contests the Immigration Judge's finding that he had not demonstrated past persecution or a well-founded fear of future persecution. This Court reviews such findings utilizing a substantial evidence standard. *Abdille*, 242 F.3d at 483. We find there is more than ample evidence in the record to support both findings.

Regarding past persecution, as we have already developed, Hoxha fails to present credible and consistent evidence to support his contention that he had been persecuted by the Albanian government. With regard to the issue of future persecution, Hoxha argues that the Immigration Judge misapplied the test set out in *Matter of Moghar-rabi*, 19 I. & N. Dec. 439 (BIA 1987), in finding that he had failed to establish fear of future persecution because there was no finding of past persecution. We disagree. Hoxha points to no evidence in the record that would have compelled a reasonable fact finder to believe his testimony that, *inter alia*, he would be killed if he returned to Albania. Hoxha claims that he feared future persecution after he had been videotaped at a demonstration in Vlore standing next to an individual who was later killed. Hoxha alleges that the

individual, Agim Musabelliu, had been killed by the Socialist Party and that he feared he was in danger after a friend in the Socialist Party had imparted warnings to him.

The Immigration Judge found Hoxha's allegation to be neither "reasonable [nor] plausible." The Immigration Judge noted that the 2000 State Department Report on Albania recognized the killing of an unnamed DP activist in Vlore following a party rally in May 2000 but that the government claimed it was a revenge killing by criminals. In addition, the State Department materials report that while harassment of DP members by the police has occurred, they also reveal that government authorities have generally handled party demonstrations in a restrained manner, with the police generally maintaining order with due respect for citizens' rights.

Hoxha's own admissions that he had never been harassed or mistreated by a government entity, with the possible exception of one alleged incident, only buttress the State Department's findings. The Department notes, "there is little evidence that individuals are targeted for mistreatment on political grounds. . . . Many of those leaving [Albania] appear to be motivated by economic considerations and/or desire for a better life. The high incidence of documentary fraud, misrepresentation and people-smuggling often render adjudication difficult." App. at 152.

We therefore will not disturb the Immigration Judge's finding that Hoxha did not qualify for asylum, and, *a fortiori*, his refusal to grant Hoxha withholding of removal. *See Zubeda*, 333 F.3d at 469–70. For the same reasons, we conclude that substantial evidence supports the Immigration Judge's determination that Hoxha did not qualify for relief under the CAT. There was enough evidence in the record for the Immigration Judge to conclude

that Hoxha was not "more likely than not" to be tortured if he returns to Albania.

 Finally, Hoxha contends that the Immigration Judge was "predisposed" to deny him relief based on his comment that he found Hoxha's use of a false United States citizen passport to be a "rather repulsive way of coming to the United States." App. at 129. We find this allegation to be without merit. The Immigration Judge's comments, while certainly critical and injudicious, do not indicate that he had pre-judged Hoxha's case. *See, e.g., Abdulrahman,* 330 F.3d at 595.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, we will deny the petition for review.